**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STACY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1319-M |
| ) | |
| GOODYEAR TIRE & RUBBER, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

This case is currently set on the Court's October, 2005 trial docket.

Before the Court is defendant Goodyear Tire & Rubber, Inc.'s ("Goodyear") Motion for Summary Judgment, filed August 19, 2005. On September 7, 2005, plaintiff filed her response, and on September 12, 2005, Goodyear filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   <u>Introduction</u>

Plaintiff began her employment with Goodyear in 1991. On or around November 7, 1999, plaintiff took a leave of absence because of medical problems she was experiencing with her joints. As of November 7, 2001, plaintiff had not returned to work and had not worked at all during her two year leave of absence.

According to Goodyear policy, "[i]f an associate has not returned to work by the end of the second year from the day of the leave, they will be exited." Section 1.20 – Goodyear Associate Leave of Absence Policy, attached as Exhibit 2 to Goodyear's Motion for Summary Judgment. Based upon this policy, plaintiff's employment was terminated in November, 2001.

While plaintiff was on her leave of absence, she filed a workers' compensation claim against Goodyear. During the pendency of plaintiff's workers' compensation claim, Goodyear paid

temporary total disability benefits to plaintiff for various time periods, including the period from November 18, 2001 through June 12, 2002. Plaintiff's claim went to trial on September 23, 2003, and on October 3, 2003, the workers' compensation court issued its order and found, among other things, that plaintiff had been temporarily totally disabled ("TTD") from November 4, 1999 to November 7, 2000 and from June 14, 2002 to March 24, 2003.[1]  *See* Order Determining Compensability and Awarding Permanent Partial Disability Benefits and Disfigurement at ¶ 4, attached as Exhibit 10 to Goodyear's Motion for Summary Judgment.

On October 14, 2004, plaintiff filed the instant action, alleging that Goodyear violated Okla. Stat. tit. 85, § 5(B) by terminating her employment during a period of time when she was TTD and solely on the basis of absence from work. Goodyear now moves for summary judgment.

II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.

---

[1] Plaintiff did not appeal the workers' compensation court's decision.

Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

Under Oklahoma law, "No person, firm, partnership, corporation, or other entity may discharge any employee during a period of temporary total disability solely on the basis of absence from work." Okla. Stat. tit. 85, § 5(B). Additionally,

> After an employee's period of temporary total disability has ended, no person, firm, partnership, corporation, or other entity shall be required to rehire or retain any employee who is determined to be physically unable to perform assigned duties. The failure of an employer to rehire or retain any such employee shall in no manner be deemed a violation of this section.

Okla. Stat. tit. 85, § 5(C).

In the case at bar, it is undisputed that plaintiff was terminated solely on the basis of absence from work. Plaintiff alleges she was TTD at the time she was terminated; Goodyear alleges she was not. Further, plaintiff alleges she was terminated on November 26, 2001; Goodyear alleges she was terminated on November 16, 2001.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must at the summary judgment stage, the Court finds that plaintiff was terminated on November 16, 2001.[2] By letter dated November 16, 2001, plaintiff was advised that

---

[2] The evidence could also establish that plaintiff was terminated on November 7, 2001, exactly two years after she took her leave of absence. However, the Court must view the evidence

her employment with Goodyear had terminated. *See* November 16, 2001 letter, attached as Exhibit 3 to Goodyear's Motion for Summary Judgment ("The above date [24 Month Date: 11-7-2001] reflects that you have been on sick leave for twenty-four (24) months and your active employment with the Company terminated."). Further, the Exit Interview Check-Off List indicates an exit date of November 7, 2001. *See* Salary Exit Interview Check-Off List, attached as Exhibit 4 to Goodyear's Motion for Summary Judgment. The only evidence plaintiff offers to support her contention that she was terminated on November 26, 2001 is an Associate Exit Statement. This document, however, does not establish, or even reference, plaintiff's termination date but is merely a document which plaintiff executed on November 26, 2001, indicating that she had returned to Goodyear all of its property.

Therefore, in order to establish her claim that Goodyear violated Section 5(B), plaintiff must show that she was TTD on November 16, 2001. Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not made this showing. In fact, plaintiff has presented no evidence and has made no claim that she was TTD on November 16, 2001. The only evidence plaintiff has submitted indicates that she received TTD benefits from Goodyear for the period from November 18, 2001 through June 12, 2002. This period, however, begins two days after plaintiff's termination. Further, the workers' compensation court specifically found that plaintiff was TTD from November 4, 1999 to November 7, 2000 and from June 14, 2002 to March 24, 2003, but did not find that plaintiff was TTD on November 16, 2001.

Accordingly, the Court finds that plaintiff cannot establish her Section 5(B) claim and that

---

in the light most favorable to plaintiff; therefore, the Court finds plaintiff's date of termination is November 16, 2001.

Goodyear is entitled to summary judgment.

IV.     Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 29].  This Order effectively terminates this action in this Court.

**IT IS SO ORDERED this 26th day of September, 2005.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE